IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

COREY ONEIL CHATMAN                                                    PLAINTIFF

VERSUS                                           CIVIL ACTION NO. 3:16cv812-TSL-RHW

SHEILA PARKS and JAMES FILLYAW                                       DEFENDANTS

## REPORT AND RECOMMENDATION

The Court conducted a *sua sponte* review of the pleadings to determine the status of this case prisoner civil rights action filed October 17, 2016 pursuant to 42 U.S.C. § 1983. The complaint asserts the conditions of Plaintiff's confinement violate his constitutional rights. The Plaintiff has taken no action in the case since March 9, 2017 when he responded to a February 24, 2017 order of the Court. [15], [16] To ascertain the viability of the action, the Court scheduled an omnibus/screening hearing for 1:00 p.m., Monday, October 16, 2017 in Jackson, Mississippi, and issued a Writ of Habeas Corpus Ad Testificandum to secure Plaintiff's attendance. The Writ was not executed as Plaintiff is no longer at the last address he provided the Court, 8450 U.S. Hwy 90, Bay St. Louis, MS 39520, which is the address of the Hancock County Public Safety Complex. [10] The copies of the notice of hearing and order mailed to Plaintiff at that address were returned undeliverable on September 5, 2017. [24]

At least seven prior Court orders have explicitly warned Plaintiff that his failure to advise the Court of a change of address "will be deemed as a purposeful delay and contumacious act ... and may result in the dismissal of this case."[1]

---

[1] Orders [3] and [4] filed October 18, 2016; orders [7] and [8] filed November 22, 2016; order [11] filed December 23, 2016; order [13] filed January 18, 2017; and order [18] filed March 10, 2017.

This court has the authority to dismiss an action *sua sponte* for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority. *See Link v. Wabash R.R.* 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). *See also, Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal based on inmate's failure to comply with a court order).

## RECOMMENDATION

Based on the foregoing, the undersigned United States Magistrate Judge recommends dismissal of Plaintiff's case for his failure to comply with the Court's orders.

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation (R&R), a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the R&R. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Court need not consider frivolous, conclusive, or general objections. Opposing parties have seven days after being served with objections, to serve and file a response or to notify the District Judge he does not intend to respond to the objections. Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 6th day of September, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE